IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOs. PD-1678-11, PD-1679-11






JAMES ALLEN SULLIVAN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


BROWN COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 We granted Appellant's ground for review in this case, which asked, "Did the
court of appeals correctly modify the judgment of the trial court by removing only the
portion of special findings that improperly cumulated sentences?" The majority
determines that the court of appeals did not correctly modify the judgment of the trial
court because under the court of appeals's revised order, the sentence for the count
involving the 17-year-old victim still runs consecutive to the sentences for the counts
involving one of the other victims. The majority then decides to reform the cumulation
order, deleting the sentence for the count involving the 17-year-old victim and stacking
the sentences of the two other victims. The majority says: 

 We conclude here that only part of the trial judge's
cumulation order is illegal--the inclusion of the sentence for
the count involving A.S. in the sequence of stacked sentences. 
If we had any doubt about what the trial judge intended to do,
we would remand these cases to him to reform the cumulation
order. But it is clear from the oral pronouncement what his
intent was. Therefore, in conformity with the trial judge's oral
pronouncement and with the law, we reform the cumulation
order to delete the sentence for the count involving A.S. from
the sequence of stacked sentences and to stack the sentence
for the counts involving N.P. upon the sentence for the count
involving C.C. 


Maj. Op. at *8. 

 As far as I can tell, we have no authority to reform the trial court's sequence of
stacking, and we have not been asked to do so. I would hold that the court of appeals's
modification of the trial court's judgment was incorrect and would remand the case to the
trial court to permit the trial judge to correct the cumulation order. Therefore, I
respectfully dissent.


 Meyers, J.


Filed: January 9, 2013

Publish